UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GREGORY GAYMON                  :
                                :         PRISONER
     v.                         :   Case No. 3:09CV577(AVC)
                                :
THERESA C. LANTZ and            :
DAVID N. STRANGE                :

### ORDER

The petitioner has filed a petition for writ of habeas corpus challenging his conviction as a violation of his right to be free from double jeopardy. The petitioner must exhaust his state court remedies with regard to any claim he included in a federal habeas petition by seeking review of that claim before the Connecticut Supreme Court. See 28 U.S.C. § 2254(b)(1)(A); Cotto v. Herbert, 331 F.3d 217, 237 (2d Cir. 2003) (citation omitted).

The petitioner states that the state habeas petition in which he raised this claim is currently pending. Pet. at 10. Thus, by his own statement, he has not exhausted his state court remedies.

In addition, a prerequisite to filing a petition for a writ of habeas corpus in federal court for relief from a state court conviction is that the petitioner be "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). The Supreme Court has interpreted this language to require that the "petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed," Maleng v. Cook,

490 U.S. 488, 491-92 (1989) (citations omitted), or under a consecutive sentence imposed at the same time as the conviction or sentence under attack.  See Garlotte v. Fordice, 515 U.S. 39, 41 (1995).

The petitioner states that he was discharged from the allegedly illegal sentence.  Pet. at 10.  Thus, he was not in custody on that sentence at the time he commenced this action.

The Petitioner is directed to show cause why this petition should not be dismissed because he is not in custody on the sentence being challenged or because he has not exhausted his state court remedies.  Petitioner shall file his response within **twenty (20)** days from the date of this order.  Failure to timely respond will result in the dismissal of this action without further notice from the court.

**SO ORDERED** this 28th day of April 2009, at Hartford, Connecticut.

                                    /  s  /
                              Alfred V. Covello
                              United States District Judge